UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH VOGT,

                Plaintiff,        12-CV-6412T

     v.                             **DECISION**
                                         **and ORDER**
ROCHESTER TEACHER'S ASSOCIATION,

                Defendant.
_____

## INTRODUCTION

Plaintiff Joseph Vogt, ("Vogt"), brings this action pursuant to the Americans with Disabilities Act ("ADA") claiming that defendant Rochester Teachers Association ("RTA"), the union to which the plaintiff formerly belonged, unlawfully discriminated against him on the basis of a disability. Specifically, plaintiff, who is a former physical education teacher employed by the Rochester City School District, claims that the RTA failed to file grievances on his behalf because he suffers from Attention Deficit Hyper-Activity Disorder, and a reading disability.

Defendant denies plaintiff's claims, and moves to dismiss plaintiff's Complaint on grounds that the RTA is not plaintiff's employer, and that it is not a covered entity under the ADA because it does not employ more than 14 employees.

For the reasons set forth below, I find that the RTA may be sued under the ADA as a "Labor Organization" as that term is defined under the ADA, but that because the Complaint confuses the RTA with plaintiff's former employer, it fails to adequately state

a cause of action against the RTA.  I therefore grant defendant's motion to dismiss plaintiff's complaint without prejudice.

## BACKGROUND

According to the allegations contained in the Complaint, in 2002, the Rochester City School District hired plaintiff as a Physical Education Teacher.  In 2004, plaintiff was granted a one-year leave of absence to study for and complete a "CST exam."[1] According to the plaintiff, he needed sufficient time to study for the exam because at age 7, he had been diagnosed as suffering from Attention Deficit Hyper-Activity Disorder, and a reading disability.  Apparently not having passed the CST Exam, in August, 2005, the Rochester City School District asked plaintiff to resign. Plaintiff alleges that on September 19, 2005, he resigned after being promised that he would be hired to fill the next available probationary Physical Education teacher position.  Ten months later, on July 18, 2006, plaintiff submitted proof that he had passed the CST exam to the Rochester City School District. Plaintiff claims that in October, 2006, he was rehired into a full-time Physical Education teaching position.

In June, 2011, plaintiff was laid off from his job as a Physical Education Teacher.  According to the plaintiff, he was laid off because of his alleged disability.  Plaintiff further

---

[1] Although the Complaint alleges that passing the CST exam is a "requirement for New York State teachers," the Complaint does not identify what a CST exam is.  Complaint at ¶ 17.

alleges that the RTA refused to file a grievance on his behalf challenging the layoff because he suffers from a disability.

### DISCUSSION

I.  <u>Legal Standards for evaluating a Motion to Dismiss</u>

Defendant moves to dismiss plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds that he has failed to state a claim upon which relief can be granted.  When evaluating a Rule 12(b)(6) motion, the court must ascertain, after presuming all factual allegations in the pleading to be true and viewing them in the light most favorable to the plaintiff, whether or not the plaintiff has stated any valid ground for relief.  <u>Ferran v. Town of Nassau</u>, 11 F.3d 21, 22 (2d Cir. 1993), <u>cert</u>. <u>denied</u> 513 U.S. 1014 (1994).  The court may grant a Rule 12(b)(6) motion only where "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Allen v. WestPoint-Pepperell, Inc.</u>, 945 F.2d 40, 44 (2d Cir. 1991) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

   III. The RTA may be a proper defendant regardless of the
        <u>number of people it employs</u>.

The RTA moves to dismiss plaintiff's complaint on grounds that it was not plaintiff's employer, and that it may not be held liable under the ADA because it is not a business employing 15 or more

employees. Because labor organizations, however, are not subject to the minimum employee requirements to which employers are subjected under the ADA, I find that the RTA may be a proper defendant.

To state a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate that:

> (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; 3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodations; and 4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability.

Capobianco v. City of New York, 422 F.3d 47, 56 (2d Cir.2005).. The ADA further provides that only *employers* who employ 15 or more employees are subject to the Act's anti discrimination provisions. 42 U.S.C. 12111(5).

A labor organization, however, is defined as a "covered entity" under the ADA regardless of the number of people it employs. Specifically, the ADA provides that "the term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. 12111(2) Unlike "employers" which are defined under the act as only employers who employ more than 14 employees, "labor organizations" are not subject to any minimum employee requirement.  42 U.S.C. 12111(7); 42 U.S.C.A. § 2000e(d)("The term 'labor organization' means a labor

organization engaged in an industry affecting commerce, . . . and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment . . . ."). Because the RTA is a labor organization, it is not subject to the minimum-employee requirements set forth for employers, and therefore, the fact (uncontested by the plaintiff) that the RTA employs less than 15 people does not prohibit the Union from being sued under the ADA.

    III. Plaintiff has failed to properly identify the Defendant's role in the alleged discrimination.

The named defendant in this case, RTA, the union to which the plaintiff belonged when he was a teacher working for the Rochester City School District ("RCSD"), was not, during the relevant time period or any other time period, the plaintiff's employer. Nevertheless, the Complaint, filed by attorney Christina Agola, clearly confuses the defendant RTA with the Rochester City School District, which is not a defendant in this case, and misidentifies the RTA as plaintiff's employer. For example, the Complaint states that in 2002, plaintiff "was hired by [the] defendant as a 'Physical Education Teacher'" Complaint at ¶ 10. At Paragraph 17 of the Complaint, plaintiff alleges that the Defendant granted him

a leave of absence from his employment to complete a "CST" exam. Complaint at ¶ 17.  Similarly, Paragraphs 5, 20, 22, 23, 33 all refer to the defendant as plaintiff's employer. Complaint at ¶¶ 5, 20, 22, 23, 33.  Plaintiff alleges in Paragraphs 31 and 32 of the Complaint that the "defendant" terminated plaintiff on the basis of his disability and for no legitimate reason. Complaint at ¶¶ 31, 32.

Because the Complaint confuses the defendant RTA with plaintiff's employer the RCSD, it can not be determined if the plaintiff has stated a cause of action in his Complaint.  I therefore grant defendant's motion to dismiss the Complaint without prejudice, with leave to replead, **subject to requirement of Rule 11 that there exists a good faith basis for believing that a cause of action exists against the RTA.**

CONCLUSION

For the reasons set forth above, I grant defendant's motion to dismiss, and dismiss plaintiff's claims without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         November 9, 2012

6